**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHRYN MARIE JONES, | No. 19-16800 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00383-SPL |
| v. | |
| MEDTRONIC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Kathryn Marie Jones appeals pro se from the district court's judgment

dismissing her diversity action alleging products liability claims under Arizona

law.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)); *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (dismissal for lack of personal jurisdiction).  We affirm.

The district court properly dismissed defendants Medtronic Sofamor Danek USA Incorporated and Medtronic PLC because Jones failed to allege facts sufficient to establish that these defendants had continuous and systematic contacts with Arizona to establish general personal jurisdiction, or sufficient claim-related contacts with Arizona to provide the court with specific personal jurisdiction over defendants.  *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074-76 (9th Cir. 2011) (discussing requirements for general and specific personal jurisdiction).

The district court properly dismissed Jones's claim for failure to warn because Jones failed to allege facts sufficient to show that the warning labels pertaining to the devices used during her surgery contained informational defects. *See Watts v. Medicis Pharm. Corp.*, 365 P.3d 944, 948 (Ariz. 2016) (a defendant may be held liable for failure to warn "based on informational defects encompassing instructions and warnings that render a product defective and unreasonably dangerous" (citation and quotation marks omitted)).

The district court properly dismissed Jones's claims for design and manufacturing defect because Jones failed to allege facts sufficient to show a

manufacturing or design defect. *See Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1194 (9th Cir. 2007) (setting forth tests for defectively designed product under Arizona law); *Gomulka v. Yavapai Mach. & Auto Parts, Inc.*, 745 P.2d 986, 988-89 (Ariz. Ct. App. 1987) (setting forth test for defectively manufactured product under Arizona law).

The district court properly dismissed Jones's claims for adulteration and misbranding because Jones failed to allege facts sufficient to state a plausible claim. *See* Ariz. Rev. Stat. §§ 32-1965, 32-1966, 32-1967; *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by dismissing Jones's first amended complaint without further leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**